IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CR-238-F
No. 5:12-CV-418-F

CHRISTOPHER MICHAEL     )
CONNELLY,     )
     )
   Petitioner,     )
     )     **MEMORANDUM AND**
   v.     )     **RECOMMENDATION**
     )
UNITED STATES OF AMERICA,     )
     )
   Respondent.

This matter is before the court for consideration of Petitioner's 28 U.S.C. § 2255 motion filed on July 9, 2012 and Petitioner's corrected motion to vacate under 28 U.S.C. § 2255 filed on July 27, 2012. The government has moved to dismiss the motion for lack of jurisdiction under Fed. R. Civ. P. 12(b)(1) and for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), and Petitioner has responded. These matters were referred to the undersigned for memorandum and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rules 8(b) and 10 of the Rules Governing Section 2255 Proceedings. For the reasons stated herein, it is recommended that the government's motion be granted and Petitioner's claims be dismissed.

## STATEMENT OF THE CASE

On December 7, 2010, Petitioner pleaded guilty, pursuant to a plea agreement, to one count of conspiracy to manufacture, distribute, and possess with intent to distribute five hundred grams or more of methamphetamines in violation of 21 U.S.C. §§ 841(a)(1) and 846. On July 8,

2011, the court sentenced Petitioner to a 183-month term of imprisonment. Petitioner did not

appeal his sentence. Petitioner now moves to vacate his sentence pursuant to 28 U.S.C. § 2255.

## DISCUSSION

Petitioner asserts the following arguments in support of his § 2255 motion: (1) the court

erred in applying a four-level enhancement for Petitioner's "leadership role" within the

conspiracy; (2) the court erred in applying a two-level enhancement for unlawful discharge of

toxic chemicals; (3) the court erred in calculating Petitioner's base offense level; and (4) he had

ineffective assistance of counsel during pre-sentencing and sentencing proceedings. Thus, he

requests that this court vacate his sentence.

Petitioner's first three assignments of error concern the calculation of his guidelines

sentencing range and are barred by his plea agreement. Specifically, Petitioner agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to
> appeal whatever sentence is imposed, *including any issues that relate to the*
> *establishment of the advisory Guideline range*, reserving only the right to appeal
> from a sentence in excess of the applicable advisory Guideline range that is
> established at sentencing, and further to waive all rights to contest the conviction
> or sentence in any post-conviction proceeding, including one pursuant to 28
> U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective
> assistance of counsel or prosecutorial misconduct not known to the Defendant at
> the time of the Defendant's guilty plea. . . .

(Plea Agreement at *1-2 [DE #129] (emphasis added).) Such waivers are enforceable so long as

they are knowing and voluntary. *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005).

Petitioner has not alleged that his waiver was not knowing and voluntary, and there is no

evidence in the record to support such a finding. Petitioner's first three claims fall within the

scope of his plea waiver, and are, therefore, barred by his plea waiver.

Petitioner next asserts that he had ineffective assistance of counsel at the pre-sentencing

and sentencing phases of his case. This claim raises arguments virtually identical to those barred

by the plea waiver but couched in terms of ineffective assistance. To the extent these claims are not barred by Petitioner's plea waiver, Petitioner has failed to allege sufficient facts to support a claim of ineffective assistance of counsel. To establish ineffective assistance of counsel, a defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). The reasonableness of counsel's performance must be judged according to the specific facts of the case at the time of counsel's conduct. *Id.* at 690. Additionally, a petitioner must show he was prejudiced by his attorney's ineffectiveness. *Id.* at 694. There is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance, and the defendant bears the burden of demonstrating that counsel's assistance was neither reasonable nor the product of sound strategy. *Strickland*, 466 U.S. at 689.

Here, Petitioner asserts that his attorney was ineffective in: (1) filing objections to the presentence report, but not providing oral argument at sentencing; (2) failing to file a motion for an evidentiary hearing to resolve objections to the presentence report, to make findings of fact, and to address statements made by co-defendants; and (3) failing to file motions on his behalf, specifically a sentencing memorandum and motion for variance. However, Petitioner concedes that his attorney's choice not to present oral argument or request an evidentiary hearing was a strategy used by his attorney to have the court look more favorably upon him. (Pl.'s Mem. at 13 [DE #219-1].) Furthermore, though Petitioner claims his attorney did not file a sentencing memorandum and motion for variance, he has attached as an exhibit to his motion a Sentencing Memorandum and Motion for Variance filed by his attorney, which specifically addresses the enhancements for a leadership role and unlawful discharge of toxic fumes, as well as Petitioner's objections to the reliability of the statements concerning the drug quantity attributable to

Petitioner. (Pl.'s Ex. B [DE #219-2].) Petitioner has presented no facts demonstrating that his attorney's performance was unreasonable under the circumstances or that he was prejudiced by his attorney's actions. Thus, this claim should be dismissed for failure to state a claim.

## CONCLUSION

For the foregoing reasons, it is RECOMMENDED that the government's motion to dismiss [DE #254] be GRANTED and Petitioner's motion to vacate [DE #219, #223] be DENIED.

The Clerk shall send a copy of this Memorandum and Recommendation to the parties, who shall have fourteen (14) days from the date of service to file written objections. Failure to file timely, written objections shall bar an aggrieved party from obtaining de novo review by the District Judge on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Judge.

This 20th day of February 2015.

_Kimberly A. Swank_
KIMBERLY A. SWANK
United States Magistrate Judge

4