IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00238-F-1
No. 5:12-CV-00418-F

| | | |
|---|---|---|
| CHRISTOPHER MICHAEL CONNELLY, | ) | |
| Petitioner | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |

This matter is before the court on Objections [DE-274] to the Memorandum and

Recommendation [DE-271] of United States Magistrate Judge Kimberly A. Swank, regarding the

Government's Motion to Dismiss [DE-254] Christopher Michael Connelly's Motion to Vacate,

Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE-219, DE-223].[1] For the

reasons set forth below, the court ADOPTS the recommendation of the Magistrate Judge to

ALLOW the Government's Motion to Dismiss.

**I. Background**

On July 9, 2012, Connelly filed his Motion to Vacate, Set Aside, or Correct Sentence

pursuant to 28 U.S.C. § 2255 [DE-219, DE-223]. In his section 2255 motion, Connelly argues

that he is entitled to relief on the following grounds: (1) the court erred in giving him a four-

point enhancement for "leadership" pursuant to U.S.S.G. § 3B1.1(a); (2) the court erred in giving

him a two-point enhancement for "unlawful discharge" pursuant to U.S.S.G. § 2D1.1(b)(10); (3)

the court erred in its base offense level calculation; and (4) he received ineffective assistance of

---

[1]Connelly's initial attempt to initiate a claim for relief under 28 U.S.C. § 2255 was a non-conforming document [DE-219], which was filed on July 9, 2012. At the court's direction, Connelly filed a "conforming" motion [DE-223] on July 27, 2012.

counsel during the pre-sentencing and sentencing phases of his case. The Government filed a

Motion to Dismiss [DE-254], arguing that dismissal is warranted under Rules 12(b)(1)[2] and

12(b)(6) of the Federal Rules of Civil Procedure.

On February 20, 2015, the Magistrate Judge issued a Memorandum and Recommendation

("M&R") [DE-271] addressing Connelly's section 2255 motion. The Magistrate Judge

concluded that the first three claims were barred by the waiver in Connelly's plea agreement.

[DE-271] at 2. The Magistrate Judge also concluded that the claim of ineffective assistance of

counsel must fail because Connelly failed to allege sufficient facts to support a claim of

ineffective assistance of counsel. *Id.* at 3. The Magistrate Judge recommended that the

Government's Motion to Dismiss [DE-254] be allowed and Connelly's section 2255 motion

[DE-219, DE-223] be denied. [DE-271] at 4.

Connelly filed Objections [DE-274] to the M&R on March 9, 2015. In his Objections,

Connelly has raised a variety of errors and argues that his section 2255 motion conclusively

shows that his claims are "plausible, cognizable, and sufficient to warrant further inquiry by this

Honorable Court." [DE-274] at 1.

## II. Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of

the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v.

City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). In considering a motion to dismiss, the

court assumes the truth of all facts alleged in the complaint and the existence of any fact that can

---

[2]In the Government's Motion to Dismiss, it fails to address specifically how it is entitled
to relief under Rule 12(b)(1) of the Federal Rules of Civil Procedure.

be proved which is consistent with the complaint's allegations. *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'shp*, 213 F.3d 175, 180 (4th Cir. 2000). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level'" and the plaintiff must allege "'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 615 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citations omitted); *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts.*, 213 F.3d at 180.

### III.  Discussion

**A.  The Magistrate Judge Correctly Found That Connelly's First, Second and Third Claims Are Barred By The Waiver In His Plea Agreement.**

Connelly's plea agreement contained a waiver of his right to challenge his conviction or sentence under 28 U.S.C. § 2255, except in limited circumstances. Such a waiver is enforceable if the defendant waives this right knowingly and voluntarily. *See United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005) ("[A] criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary."). The determination regarding whether a waiver is knowing and voluntary depends "'upon the particular facts and circumstances surrounding that case, including the background, experience and conduct of the accused.'" *United States v. Davis*, 954 F.2d 182, 186 (4th Cir. 1992) (quoting

3

*Johnson v. Zerbst*, 304 U.S. 458, 464 (1938)). The truth of sworn statements made during a Rule 11 colloquy is conclusively established, absent extraordinary circumstances. *Lemaster*, 403 F.3d at 221-22.

Connelly's plea agreement, which he signed and agreed to in open court, contains the following waiver:

> To waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea.

[DE-129] at 1-2. The court finds that Connelly's waiver was both knowing and voluntary. Moreover, even if it were not, Connelly is foreclosed from raising the issue because he did not raise it on direct appeal. *See Bousley v. United States*, 523 U.S. 614, 621 (1998) ("the voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.")

Connelly's first, second and third claims do not deal with ineffective assistance of counsel or prosecutorial misconduct not known to him at the time of his guilty plea. Accordingly, pursuant to the waiver in his plea agreement, Connelly has waived the right to pursue these claims.

**B. The Magistrate Judge Correctly Found That Connelly Has Failed To Sufficiently Allege Ineffective Assistance of Counsel In His Fourth Claim.**

In order to prevail on a claim of ineffective assistance of counsel, a petitioner must show

4

that (1) his counsel's performance was deficient, and (2) the deficient performance prejudiced his defense. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). The petitioner bears the burden of proof as to both prongs of the *Strickland* standard. *United States v. Luck,* 611 F.3d 183, 186 (4th Cir. 2010). Under the first prong, the petitioner must show that his counsel's representation "fell below an objective standard of reasonableness" as measured by "prevailing professional norms." *Strickland,* 466 U.S. at 688. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. As to the second prong, the petitioner must demonstrate that his counsel's inadequate performance was prejudicial to him. *Id.* at 687. Specifically, the petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.*

Connelly initially alleges that his attorney provided ineffective assistance of counsel by failing to address the "inaccuracies and falsehoods" contained in the draft Presentence Report. [DE-223-1] at 11-12. Next, Connelly alleges that his attorney provided ineffective assistance of counsel at sentencing by failing to file a motion for an evidentiary hearing to address the following concerns: (1) Connelly's objections to the Presentence Report, which included his objections to the "leadership" enhancement, "unlawful discharge" enhancement, and drug quantity determination; (2) the need to make the requisite findings of fact regarding the "leadership" enhancement, "unlawful discharge" enhancement, and drug quantity determination; and (3) the need to address the questionable accuracy and reliability of the statements used against him. *Id.* at 12. Finally, Connelly alleges that his attorney provided ineffective assistance

5

of counsel at sentencing by failing to present oral argument and evidence on his behalf. *Id.* at 13. Specifically, Connelly contends that he asked his attorney to file a sentencing memorandum and motion for variance, in addition to argument to address the "leadership" enhancement, "unlawful discharge" enhancement, and drug quantity determination. *Id.* at 14. Connelly concludes that if his attorney had been functioning as the counsel guaranteed by the Sixth Amendment, he would have received a substantially lower sentence. *Id.* at 11.

A review of the record reveals that Connelly's attorney filed a Sentencing Memorandum and Motion for Variance [DE-154] prior to sentencing. In the Memorandum, Connelly's attorney specifically objected at length to the following in the Presentence Report: the base offense level as calculated, the adjustment for unlawful discharge, and the adjustment for a leadership role. [DE-154] at 2-7. Connelly's attorney also argued for a sentence of 120 months, the mandatory minimum sentence required by statute. *Id.* at 7. Finally, Connelly's attorney argued that this court should consider U.S.S.G. § 5H1.6 as part of its analysis under 18 U.S.C. § 3553(a). *Id.* at 7-8. Because it is belied by the record, Connelly's fourth claim will be dismissed.

## IV. Conclusion

For the foregoing reasons, the court ADOPTS the recommendation of the Magistrate Judge as its own, and for the reasons stated therein, in addition to the above-stated reasons, the Government's Motion to Dismiss [DE-254] is ALLOWED and Connelly's section 2255 motion [DE-219, DE-223] is DISMISSED. The court concludes that Connelly has not made the requisite showing to support a certificate of appealability. Therefore, a certificate of appealability is DENIED.

SO ORDERED.

This the 17th day of March, 2015.

_James C. Fox_
James C. Fox
Senior United States District Judge

7